UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LARRY FULLER #143935,

      Plaintiff,

Case No. 2:04-cv-133

v.

Hon. Richard Alan Enslen

PATRICIA L. CARUSO, *et al.*,

      Defendants.

**ORDER**

_____/

This matter is before the Court on Plaintiff Larry Fuller's *pro se* Motion to Set Aside or Vacate the Court's Order of June 22, 2004, which ordered Plaintiff to pay the entire filing fee in installments for his 42 U.S.C. § 1983 action. (Dkt. No. 4.) Although the Motion fails to specify under which Federal Rule of Civil Procedure relief is sought, the Court determines that Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b)(6). Plaintiff argues that ordering him to pay the court filing fee is unconstitutional because it violates the *Ex Post Facto* Clause of the Michigan Constitution and contradicts various court decisions.

Relief under Rule 60(b)(6) requires a showing of "exceptional circumstances" warranting the relief sought. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001); *Blue Diamond Coal. Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). The filing fee Plaintiff was ordered to pay is authorized by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1), and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Moreover, in the bulk of Plaintiff's brief he relies on cases applicable to attorneys fees, not filing fees. Plaintiff's Motion fails to show the "exceptional circumstances" warranting the relief sought.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Larry Fuller's Motion to Set Aside or Vacate Order (Dkt. No. 15) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 13, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |